## Hayes v. Watson's Executrix, et al.

(Decided March 23, 1920.)

### Appeal from Lawrence Circuit Court.

1.   Witnesses—Competency—Transactions With One Who is Dead.—Where one testifies for himself concerning verbal statements of, and transactions with, one who is dead, and the case does not fall within any of the exceptions mentioned in the Code, he is not a competent witness.

2.   Executors and Administrators—Claim Against Estate—Evidence—Sufficiency.—In an action to enforce a claim against an estate, evidence examined and held insufficient to support the claim, and that the judgment dismissing the petition was proper.

W. D. O'NEAL and A. J. GARRED for appellant.

A. O. CARTER, F. M. VINSON and HAGER & STEWART for appellees

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Tom Hayes brought suit against M. G. Watson's exectrix to recover the sum of $1,000.00, which, it is alleged, the decedent agreed to pay him for one-third interest in two strings of drilling tools, but failed to do so. On final hearing the petition was dismissed, and plaintiff appeals.

Since plaintiff testified for himself concerning verbal statements of, and transactions with, Dr. Watson, who was then dead, and the case does not fall within any of the exceptions mentioned in the Code, it necessarily follows that he was not a competent witness, section 606, subsection 2, Civil Code, and his testimony was properly disregarded. The only other testimony in support of the claim was the statement of Chris Lawrence that he saw Dr. Watson two or three months before he died, and the doctor told him that he owed Hayes some money, and the statement of John Roberts that he met Dr. Watson on the street four or five months before he died, and the doctor told him that he owed Hayes some money. In our opinion, this evidence is not sufficient to support the claim and the judgment dismissing the petition was therefore proper.

Judgment affirmed.